EXHIBIT A

**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
JAMIE S. COGBURN, ESQ.
Nevada Bar No.: 8409
jsc@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
(702) 384-3616
  *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES GRAHL; individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| CIRCLE K STORES, INC., a foreign corporation; DOES I through V, inclusive; and ROE corporations I through V, inclusive, | |
| Defendants. | |

Plaintiff, CHARLES GRAHL ("Plaintiff"), on his behalf and all others similarly situated, by and through his law firm of Cogburn Law Offices, hereby alleges and complains against CIRCLE K STORES, INC., ( "Defendant") as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff worked for Defendant as a "Store Manager" from 1995 until 2001 and again in 2005 until February 17, 2014. Plaintiff was, at all relevant times, a resident of Nevada.

2. Defendant classified Plaintiffs, and all others similarly situated, as 'exempt' from the overtime provisions of the Fair Labor Standards Act.

3. Plaintiff alleges for himself and others similarly situated, Defendant intentionally misclassified Plaintiff as 'exempt' from the FLSA's overtime provisions.

4. Defendant has employed, and continue to employ, store managers like Plaintiffs nationwide. Upon information and belief, all of Defendant's store managers were misclassified as exempt from overtime.

5. Plaintiff, like his fellow Store Managers and members of the putative class working in various stores owned and operated by Defendant across the nation, was paid on a salary basis and improperly classified by Defendant as exempt employees under the FLSA. Plaintiff, and all others similarly situated, are therefore entitled overtime for hours they worked in excess of forty (40) hours per week.

6. Plaintiff, and all others similarly situated, were required as a condition and term of employment to work, on average, a minimum of 16 hours per week of overtime. This was a corporate wide policy, program and or practice Defendant applied at all its stores nationwide.

7. Plaintiffs bring these claims individually and on behalf of all non-exempt employees subject to Defendants' illegal wage-and-hour practices.

8. Defendants willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts alleged. The collective action claims are for overtime compensation, liquidated damages, and/or interest, and attorneys' fees and costs, under the FLSA, 29 U.S.C. §§ 207 and 216(b).

**THE PARTIES**

9. Plaintiffs Harris, Carter and Haddix were, at all relevant times, residents of Clark County, Nevada.

10. Defendant Circle K, Inc., was registered to conduct business in Nevada.

11. Defendant's principle place of business is 1130 W. Warner Rd., Building B, Tempe, Arizona, 85284.

12. Defendant operates a convenience store chain nationwide.

13. Defendant has over 3,300 convenience stores throughout the United States.

14. Upon information and belief, Defendant employs thousands of store managers throughout the United States.

15. Defendant is an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. §203 (r)(1). More specifically, Defendant is engaged in an enterprise or commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

1  Defendant has engaged in annual gross volume of sales made or business done exceeds
2  $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

3  16.  At all times hereto, Defendant was Plaintiff's "employer" and thus subject to the
4  FLSA, 29 U.S.C. §201 *et seq.*

5  17.  The true names of DOES I through X and Roe Corporations I through X, their
6  citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are
7  unknown to Plaintiff who therefore sues this Defendant by such fictitious names. Plaintiff is
8  informed and believes, and therefore alleges, that Defendant, including DOES I through X and
9  Roe Corporations I through X, were individuals who are in some manner negligent and wrongful
10 towards Plaintiffs, caused injury to Plaintiff, and/or otherwise damaged Plaintiff.  Plaintiff is
11 further informed and believes, and therefore alleges, that each of the Defendants, designated as
12 DOES I through X and Roe Corporations I through X, are or may be, legally responsible for the
13 events referred to in this action and other events not mentioned in this action, and caused damages
14 to Plaintiff including but not limited to causing Plaintiff to not be paid his lawful wages.  Plaintiff
15 will ask leave of this Court to amend the Complaint to insert the true names and capacities of such
16 Defendants, when the same have been ascertained, and to join them in this action, together with
17 the proper charges and allegations.

18  **JURISDICTION AND VENUE**

19  18.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
20 1331 and 1343(3) as the controversy arises under the laws of the United States. Specifically, the
21 claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (FLSA).

22  19.  Supplemental jurisdiction is appropriate for Plaintiff's state law claims pursuant
23 to 28 U.S.C. § 1367(a).

24  20.  Venue is proper in the District of Nevada (and its unofficial Southern District)
25 because Defendants conduct business and maintained offices in Clark County, Nevada.

26  **GENERAL ALLEGATIONS**

27  21.  Upon information and belief, Defendant operates all stores under the same
28 employee policies, procedures and job descriptions.

22. Upon information and belief, all store managers are supervised by District Managers, also known as Market Managers. Market Managers oversee the management of several stores at a time.

23. Upon information and belief, the job description for the Store Manager position is the same for all stores.

24. No college education is required for the Store Manager position.

25. Plaintiff and members of the class worked substantial overtime hours on a regular and weekly basis.

26. Plaintiff, and all others similarly situated, were improperly classified as exempt from the overtime provisions of the FLSA.

27. Plaintiff, and all others similarly situated, primary duties, responsibilities and actual working tasks, as whole, establish they were not properly classified as exempt from the overtime provisions of the FLSA.

28. Plaintiff, and all others similarly situated, primary duties did not include matters significant discretion or authority. Plaintiff, and all others similarly situated, did not manage or supervise employees.

29. Plaintiff, and all others similarly situated, also unloaded trucks, stocked shelves, cleaned restrooms and other parts of the stores. They performed clerical work regarding payroll and other non-management tasks such as performing inventory audits.

30. Plaintiff, and all others similarly situated, did not have authority to hire, fire or increase/decrease compensation of employees. Nor did Plaintiff, and all others similarly situated, have the authority to promote or demote employees or make any other personnel decision. Only the District Manager/Market Manager had that authority.

31. Plaintiff, and all others similarly situated, did not perform duties that required the exercise of discretion or independent judgment. Nor did they have the authority to make independent business decisions that would affect the business as a whole or any significant part of the business.

32. Plaintiff was paid an salary of approximately $800 per woeek and required to work in excess of fifty (50) hours per week.

33. Plaintiff, and all others similarly situated, actually averaged closer to 65 hours per week, sometimes more, often working for other employees who were out sick or absent from work for various reasons.

34. Defendant is very zealous about minimizing the amount of overtime hours it pays its hourly employees. Consequently, Defendant engaged in a systematic practice of using and forcing its 'salaried' Store Manager employees like Plaintiff who do not receive overtime pay to work many hours in order to avoid having to pay its hourly employees for such overtime work.

35. Plaintiff spent the majority of his time performing menial tasks that had no relation to "management", as that phrase is defined under the FLSA.

36. Defendant willfully violated the FLSA by failing to pay Plaintiff and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week. Defendant continues to violate the FLSA by imposing upon all Store Managers of Circle K stores nationwide, who have regularly worked in excess of forty (40) hours per week. There are more than 3,300 stores nationwide, each modeled with uniformity and each with Store Managers.

37. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one –half times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. § 207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this dispute.

38. Unless provide to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

39. Plaintiff and members of the class were, and continue to be, required to work more than forty (50) hours a week during the course of their employment with Defendant.

40. Plaintiff alleges on his behalf, and all others similarly situated, that Defendant's failure to pay overtime and other compensation was and is knowing and willful. Accordingly, Plaintiff and the Class seek and are entitled to recover all overtime pay due from overtime hours

worked for which compensation was not paid. This includes liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

### DEFENDANT'S FAILURE TO MAINTAIN TRUE & ACCURATE TIME RECORDS

41. Defendant possesses evidence reflecting the precise number of overtime hours Plaintiff, and all others similarly situated, worked.

42. To the extent these records are unavailable, Plaintiff, and all others similarly situated, may prove the hours they worked solely by their testimony. The burden then shifts to Defendant to disprove Plaintiff, and all others similarly situated, testimony.

43. All employers, including Defendant, are subject to the record keeping requirements imposed by 29 C.F.R. § 516.2 and 29 U.S.C. §§ 211 and 216.

44. Defendant has failed to make, keep and preserve these records regarding Plaintiff, and all others similarly situated, in violation of 29 C.F.R. § 516.2 and 29 U.S.C. §§ 211 and 216.

### COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

46. Plaintiff fairly and adequately represents and will protect the interests of the class. He has retained counsel with experience litigating such claims.

47. A collective action suit, such as this, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually redress the wrongs done to them.

48. Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. The collective action is, therefore, the most efficient method by which to resolve these claims.

49. Common questions of fact and law predominate the Class as a whole. Those include:

    a. Whether Defendant employed members of the Class within the meaning of the applicable provisions of the FLSA;

b. Whether Plaintiff, and others similarly situated, were and/or are properly classified as exempt pursuant to the protections of the FLSA;

c. Whether Defendant and members of the Class were expected to, and/or mandated to regularly work in excess of forty (40) hours per week;

d. Whether Defendant knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and,

e. Whether Plaintiff and the Class have sustained damages and, if so, what is the proper measure of them.

50. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

a. All Store Managers who worked for Defendant as employees in the past three years preceding this lawsuit, to the day of trial, and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more work weeks but were not paid overtime compensation for their time.

51. Notice of the pendency and any resolution of this action can be provided to Collective Action members by mail, print and/or internet publication.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Fair Labor Standards Act – Individually And On Behalf Of All Others)**

52. Plaintiff hereby repeats and realleges each paragraph above as if fully set forth herein.

53. This claim arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for its misclassification of and consequent failure to pay overtime wages to Plaintiff, and all others similarly situated, for all time worked in excess of forty (40) hours in individual work weeks.

54. At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

55. Plaintiff performed a variety of job duties and responsibilities for Defendant.

56. At all times relevant, Plaintiff's job title, while laboring for Defendant, was, *inter alia,* "Store Manager". "Store Managers" were improperly classified as "exempt" from overtime, presumably because Defendant consider them qualified under the exemptions outlined by FLSA.

57. The FLSA exemptions do not apply under these circumstances. Store Managers are not "professionals". They are not "executives". As outlined above in paragraphs 21 through 40 *supra*, Adjustors are not "administrative" employees, either.

58. Store managers are employees whose primary function is manual labor and exercise no (or if any, very little) discretion or independent judgment while acting as Store Managers.

59. There are possibly 3,300 store managers working at Defendant's locations throughout the United States.

60. Plaintiff has been Defendant's employee during the time period pertinent to this Complaint, to wit, during a portion of the three years immediately preceding the initiation of this action.

61. At all material times hereto, Defendant was Plaintiff's "employer" and the employer of all similarly situated Plaintiff per the FLSA, 29 U.S.C. §203(d). The named Plaintiff brings this first claim for relief pursuant to 29 U.S.C. 216(b) on behalf of himself and all other similarly situated persons, if any, who consent in writing to join this action.

62. At all relevant times and during the course of his employment with Defendant, Plaintiff and those similarly situated were employed by Defendant and were not exempt from the overtime wages provisions of the FLSA, 29 U.S.C. §207.

63. Plaintiff and those similarly situated were directed by Defendant to work, and did such work, in excess of forty (40) hours per week. In fact, on average, Plaintiff worked 20 to 25 hours a week in excess of forty (40) hours per week. Sometimes this would be even higher.

64. Pursuant to 29 U.S.C. §207, Plaintiff and those similarly situated were entitled to be compensated at a rate of one and one-half times her regularly hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

65. Defendant did not compensate Plaintiff, and those similarly situated, at a rate of

one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

66. Instead, Defendant paid Plaintiff, and those similarly situated, his regular rate of pay for all hours worked, including hours worked in excess of forty (40) in individual work weeks.

67. Defendant's failure and refusal to pay lawful wages, including overtime wages, to Plaintiff, and those similarly situated, for all time worked in excess of forty (40) hours per week violated the FLSA 29 U.S.C. §207.

68. Defendant willfully violated the FLSA by refusing to pay Plaintiff, and those similarly situated, all lawful wages, including overtime wages, for all time worked in excess of forty (40) hours per week. Defendant intentionally and/or willfully violated the FLSA as alleged herein.

69. The named Plaintiff seeks for himself, and all others similarly situated who consent in writing to join this action, a judgment for unpaid overtime wages and/or unpaid minimum wages, and additional liquidated damages of 100% of any unpaid minimum wages and/or overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to the named Plaintiff and any such other persons who consent to join this action. Plaintiff also seeks an award of attorneys' fees, interest and costs as provided for by the FLSA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. A judgment in the amount of one and one-half times Plaintiff and those similarly situated for their hourly wage rate for all time which Plaintiff, and those similarly situated, worked in excess of forty (40) hours per week;

2. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

3. Reasonable attorneys' fees and costs incurred in filing this action;

4. Compensatory Damages in excess of $10,000.00;

5. Special Damages in excess of $10,000.00; and

6. Such other and further relief as this Court deems appropriate and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 27th day of February 2014.

Respectfully Submitted By:

COGBURN LAW OFFICES

By
ANDREW L. REMPFER, ESQ.
JAMIE S. COGBURN, ESQ.
Attorneys for Plaintiff