UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERONICA DEL PILAR RUIZ and
SAGAR DALIYA, individually and on
behalf of all others similarly situated who
consent to their inclusion

       Plaintiffs,

v.                                          Case No: 2:14-cv-404-FtM-38CM

CIRCLE K STORES INC., MAC'S
CONVENIENCE STORES, LLC,
ALIMENTATION COUCHE-TARD
INC. and MID-ATLANTIC
CONVENIENCE STORES, LLC,

       Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on the Defendant, Circle K Stores' Motion to Stay Proceedings (Doc. #81) filed on January 12, 2015. The Plaintiffs filed their Response in Partial Opposition (Doc. #82) on January 26, 2015. The Motion is fully briefed and ripe for the Court's review.

Circle K Stores, Inc. moves the Court to stay the case pursuant to the first-to-file rule which provides that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

that favors the forum of the first-filed suit." Martin v. Akers Bioscience, Inc., 2014 WL 7225412, *3 (M.D. Fla. December 17, 2014) (quoting Manuel v. Convergys Corp., 430 F. 3d 1132, 1135 (11th Cir. 2005)). The primary purpose of the first-to-file rule is to conserve judicial resources and avoid conflicting rulings. Rudolph and Me, Inc. v. Ornament Central, LLC., 2011 WL 3919711, *1 (M.D. Fla. September 7, 2011).

This Court notes that the application of the first-filed rule is not mandatory, but rather committed soundly to the district court's discretion. Id. (citing Allstate Ins. Co. v. Clohessy, 9 F.Supp.2d 1314, 1316 (M.D.Fla.1998); see White v. Microsoft Corp., 2006 U.S. Dist. LEXIS 77010, *9, 2006 WL 2686930, ("The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.").

In making its determination, the Court looks to the following factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. Rudolph and Me, Inc., 2011 WL 3919711, at *2 (citing Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir.1991)). Upon review of the above factors there is no question of the chronology of the two (2) actions. The Nevada case styled Charles Grahl v. Circle K Stores, Inc., 2:14-cv-305-MMD-VCF (Grahl), was filed on February 21, 2014. The instant case was filed on July 21, 2014, five months after the Grahl case was filed. It is further undisputed that the Parties in both cases are similar. Finally the Issue in the Grahl action are the same as this case. Thus, the first-to-file rule is applicable to this case.

Having determined that the first-to-file rule applies in this case, the Court must now determine the disposition of the Motion. "[T]he 'first-to-file rule' not only determines which

court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." Martin, 2014 WL 7225412, at *3 (citing Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir.1999) (quoting Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir.1997)). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." (Id.) (quotations omitted); *e.g.,* Perkins v. Am. Nat. Ins. Co., 446 F.Supp.2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action.").

Circle K Stores moves to either stay the case or in the alternative to dismiss the action. The Plaintiffs agree that the case should be stayed pursuant to the first-to-file rule, but oppose the dismissal.

The Plaintiffs argue that a dismissal would unduly prejudice them. The Plaintiffs argue a stay of this action, pending in the United States District Court for the District of Nevada's decision on national certification in Grahl, still protects the Plaintiffs' rights pursuant to 29 U.S.C. §201 *et seq.* because, should Grahl be conditionally certified, the Plaintiffs and Opt-In Plaintiffs in this action will receive notice and have the opportunity to opt in to that action. However, should the United States District Court for the District of Nevada decide not to conditionally certify Grahl, such protections will not be afforded to the Plaintiffs, and Opt-In Plaintiffs. Therefore, the Plaintiff's argue that a dismissal of this action will greatly prejudice the Plaintiffs and Opt-In Plaintiffs who will be forced to re-file

a subsequent collective action pursuant to 29 U.S.C. §201 *et seq.* should they wish to continue to pursue their claims on a collective basis.

Once the court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed. Martin, 2014 WL 7225412, at *4 (citing Cadle, 174 F.3d at 606). Rather, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Martin, 2014 WL 7225412, at *4.

Because it is undisputed that the Florida case post-dates the Nevada action, and there is a likelihood of substantial overlap between the two cases, the U.S. District Court in Nevada is the appropriate court to decide whether the Florida case should be allowed to proceed, or whether it should be consolidated with the case in Nevada and whether this Court or the U.S. District Court for the District of Nevada is the appropriate venue to resolve this dispute. *See* Martin, 2014 WL 7225412, at *4 (administratively closing the case in Florida and transferring the case to the Southern District of New York for a determination on whether or not to consolidate the cases); Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1338-39 (N.D. Ga. 2005) (staying action pending decision of the U.S. District Court for the Southern District of New York's determination as to whether or not the "first filed rule" should apply to the case and to the related litigation in the Southern District of New York). For the reasons set forth above Circle K Stores' Motion is granted. The case will be stayed and administratively closed pending the decision of the District Court in Nevada.

Accordingly, it is now

**ORDERED:**

The Defendant, Circle K Stores Motion to Stay Proceedings (Doc. #81) is **GRANTED**.

1. The Case is **STAYED** and the Clerk of the Court is directed to administratively close the case until the U.S. District Court in Nevada makes its determination regarding consolidation and nationwide certification.

2. The Parties are directed to file a written status report regarding the Nevada Court's determination with this Court every thirty (30) days.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of March, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record