UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERONICA DEL PILAR RUIZ and
SAGAR DALIYA, individually and on
behalf of all others similarly situated who
consent to their inclusion

       Plaintiffs,

v.                                           Case No: 2:14-cv-404-FtM-38CM

CIRCLE K STORES INC., MAC'S
CONVENIENCE STORES, LLC,
ALIMENTATION COUCHE-TARD
INC. and MID-ATLANTIC
CONVENIENCE STORES, LLC,

       Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on the parties' Joint Notice of Status. (Doc. 91). The Court stayed this wage and hour suit pending the United States District Court for the District of Nevada's decision on consolidation and nationwide certification. (Doc. 83). Since then, the District of Nevada conditionally certified a collective action that includes persons employed as Circle K Store Managers anywhere in the United States. Although the opt-in period ended in May 2016, the deadline for a motion for decertification is not until next year.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendants advised the Court about the conditional certification but never requested any affirmative relief like lifting the stay or reconsidering dismissal. (Doc. 89). This case thus remained dormant for two years. In fact, the parties were silent until the Court recently ordered them to file a joint status report. (Doc. 90).

In the parties' report, they take opposite positions on whether this case should proceed. Defendants argue for dismissal because Plaintiffs have failed to prosecute this case for two years. (Doc. 91 at 3). They maintain the named and opt-in Plaintiffs received notice about the conditional certification and that several of them joined the Nevada suit.[2] (*Id.*). They also argue, because the Nevada case was filed first, this case should be dismissed. (*Id.*).

Plaintiffs oppose dismissal, advocating for the Court to transfer and consolidate this case with the Nevada suit. (*Id.* at 4). They also assert that a transfer will not prejudice Defendants because discovery is ongoing in the Nevada suit. (*Id.*). What is more, Plaintiffs claim that Circle K mistakenly notified Ruiz and other opt-in plaintiffs of their rights to join the Nevada suit and of the consequences if they did not join. (*Id.* at 5). The notice, according to Plaintiffs, confused Ruiz and the others to opt-in to the Nevada suit even this suit was protecting their rights. (*Id.*). Plaintiffs thus are concerned that dismissing this suit will cause Ruiz and the others irreparable harm if they are found to have improperly entered the Nevada case. (*Id.*).

Based on the Court's review of the file and the parties' arguments, it will not dismiss this case for failure to prosecute at this time. The Court needs further information from

---

[2] One named plaintiff and three opt-in plaintiffs have joined the Nevada suit: Veronica Del Pilar Ruiz, Rose Bautista, Theresa Vonruden, Eric Giroux, and George Box. (Doc. 91 at 2).

the parties including, but not limited to, (1) identifying the named and opt-in plaintiffs who still wish to proceed in this case; (2) why this case should not be dismissed under the first-to-file rule; and (3) why a transfer and consolidation to the District of Nevada is a viable option at this time.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs must file, on or before **November 2, 2017,** a memorandum of law addressing, at a minimum, the Court's questions set forth in this Order. The brief may not exceed ten (10) pages in length.

(2) Defendants may file a response to Plaintiffs' memorandum on or before **November 16, 2017**. The response may not exceed ten (10) pages in length.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of October 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record