UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERONICA DEL PILAR RUIZ and
SAGAR DALIYA, individually and on
behalf of all others similarly situated who
consent to their inclusion

        Plaintiffs,

v.                            Case No:   2:14-cv-404-FtM-38CM

CIRCLE K STORES INC., MAC'S
CONVENIENCE STORES, LLC,
ALIMENTATION COUCHE-TARD
INC. and MID-ATLANTIC
CONVENIENCE STORES, LLC,

        Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Plaintiffs Veronica Del Pilar Ruiz and Sagar Daliya's Memorandum of Law in Response to the Court's Order (Doc. 93) and Defendants Circle K Stores, Inc. and Mac's Convenience Stores, LLC's Memorandum of Law in Support of Dismissal of Case (Doc. 94).[2]  The Court held a telephonic hearing to discuss the parties' briefs and the status of this case on January 9, 2018.  (Doc. 99).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Plaintiffs voluntarily dismissed Defendants Alimentation Couche-Tard, Inc. and Mid-Atlantic Convenience Stores, LLC.  (Doc. 51).

The Court has discussed the background of this case in its previous Order (Doc. 92), and thus need not detail it at length here.  In brief, Circle K store managers brought this collective action in July 2014 for unpaid overtime wages under the Fair Labor Standards Act.  Nearly three years ago, the Court stayed this case under the first-to-file rule because an identical wage and hour suit was initiated in the United States District Court for the District of Nevada.  (Doc. 83 at 2).  The Court's stay hinged on the District of Nevada Court deciding whether to consolidate the two cases and whether to grant a nationwide certification.  (Doc. 83 at 5).  Since then, the District of Nevada has conditionally certified a nationwide class but it has not decided consolidation.

Until recently, this case has remained dormant.  In fact, it was not until the Court ordered the parties to file a joint status report in October 2017 that the silence was broken. (Doc. 90).  Because the parties' joint response presented opposing positions on how this case should proceed (Doc. 91), the Court asked for additional briefing (Doc. 92).  The parties' responses are now before the Court.  (Doc. 93; Doc. 94).

Defendants want the Court to dismiss this case because Plaintiffs have failed to prosecute their claims for the last few years.  (Doc. 94).  They argue that Plaintiffs, back in 2015, only objected to the Court dismissing this suit because the District of Nevada had not yet decided nationwide certification.  Once the District of Nevada granted the conditional certification, Defendants state that Plaintiffs' basis for objecting to the dismissal vanished and they have since taken no action to preserve and prosecute any claims.  (Doc. 94 at 2-3).  Defendants thus argue, "[t]hose Plaintiffs who abandoned or sat on their rights for over two years should not now be permitted to claim prejudice by dismissal of their claims."  (Doc. 94 at 3).

Plaintiffs oppose dismissal and argue for the status quo until the District of Nevada decides whether to consolidate the cases. (Doc. 93). Plaintiffs also claim that Circle K mistakenly notified some opt-in Plaintiffs of their rights to join the Nevada suit and of the consequences if they did not join. The notice, according to Plaintiffs, confused them to opt-in to the Nevada suit even though this case was protecting their rights. Plaintiffs thus have expressed concern that dismissing this suit will cause them irreparable harm if the District of Nevada finds that they improperly entered the Nevada case.

The Court finds itself in a difficult position, and neither party is blameless for the procedural conundrum. The Court stayed this case pending the District of Nevada's decision on certification *and* consolidation. Only one has happened, and it yet remains tenuous. The District of Nevada granted a conditional nationwide certification with the deadline for Defendants to move for decertification looming next month. Thus, the issue of certification is still in the air. To complicate matters, the District of Nevada has never addressed the issue of consolidating its suit with this one. That is because neither party raised the issue. While Plaintiffs may have sat on this case for nearly three years, so did Defendants. The Court must now decide what to do with this three-year-old case in its current procedural state.

Although the Court stands by its finding that the Nevada suit is the first-filed case (Doc. 83), continuing to apply the first-to-file doctrine is no longer viable. Having the District of Nevada to decide the issue of consolidation – something that should have happened three years ago – certainly will not conserve judicial resources. *See Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). The Nevada suit has been pending longer than this case. Litigation has advanced with the opt-in period ending

eight months ago, discovery closing this month, and the deadline for decertification being next month. *See Rudolph and Me, Inc. v. Ornament Central, LLC*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011) (stating a transfer under the first-to-file rule is within the district court's discretion). Thus, dropping this case into the District of Nevada's lap would not secure the just, speedy, and inexpensive determination of the issues. *See* Fed. R. Civ. P. 1. As much as this Court dislikes having matters filed in 2014 on its civil docket, it finds no good reason to exercise its discretion and dismiss this case for failure to prosecute. Since there appears to be viable plaintiffs who wish to pursue relief against Defendants, the Court finds it prudent to forge ahead.

This leads the Court to the next hurdle – which Plaintiffs can proceed with this case. For sure, any Plaintiff who received notice in the Nevada case but did not opt in may continue with this suit. Same result for any Plaintiff who did not receive notice. But any Plaintiff who withdrew from this case and/or never worked for Defendants cannot proceed. Also, any Plaintiff who opted into the Nevada suit cannot also proceed in this case. As such, the Court will allow this case to proceed without them.

Accordingly, it is now

**ORDERED:**

(1) Defendants Circle K Stores, Inc. and Mac's Convenience Stores request to dismiss this case for failure to prosecute is **DENIED**.

(2) The Clerk is **DIRECTED** to issue an Amended FLSA Scheduling Order with which the parties are ordered to comply.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of January 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record