UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERONICA DEL PILAR RUIZ and
SAGAR DALIYA, individually and on
behalf of all others similarly situated
who consent to their inclusion

        Plaintiffs,

v.                                                 Case No: 2:14-cv-404-FtM-38CM

CIRCLE K STORES INC, and
MAC'S CONVENIENCE STORES,
LLC, d/b/a Circle K,

        Defendants.
_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve the Parties' Settlement (Doc. 124)[2] filed on April 20, 2018. The parties provided a copy of the proposed Settlement Agreement, Release of Claim for Fees and Costs, and

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Acceptance and Verification of Settlement Agreement for each Plaintiff. Docs. 124-1 through 124-4, 127. The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice. Doc. 1. For the reasons set forth herein, the Court recommends the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

Plaintiffs, Veronica del Pilar Ruiz and Sagar Daliya, on behalf of themselves and all others similarly situated, brought this action against Defendants,[3] alleging that Defendants did not compensate them with overtime pay or maintain true and accurate records in violation of the FLSA. Doc. 1. Defendants are corporations engaged in business in Florida. *Id.* ¶¶28, 37. Plaintiffs, including opt-in plaintiffs (collectively, "Plaintiffs"), were employed by Defendants as store managers for Circle K stores between 2011 and 2014. *Id.* ¶¶2-4, 7. The Complaint alleges that Defendants misclassified their Florida store managers as exempt because their primary job duties were not management of the stores as executives but performing the same duties as store clerks. *Id.* ¶¶75-79. Plaintiffs allege that Defendants required them to work mandatory overtime, as their positions required at least fifty and often sixty hours per week, but Defendants did not compensate them at the required rate for any overtime work. *Id.* ¶¶5, 70, 81, 89-90.

---

[3] Defendants Alimentation Couche-Tard Inc. and Mid-Atlantic Convenience Stores, LLC were voluntarily dismissed from the case. Docs. 51, 101.

The district court stayed the case pending a ruling from the United States District Court for the District of Nevada on motions for consolidation and nationwide certification in the earlier-filed, identical case of *Charles Grahl v. Circle K Stores, Inc.*, Case No. 2:14-cv-305-MMD-VCF. Doc. 83. The District of Nevada conditionally certified a collective action for Circle K Store Managers nationwide employed from October 31, 2011, to the date of certification but did not rule on consolidation because the parties in this case never raised the issue. Docs. 89, 100 at 4. Thereafter, the instant case sat dormant for two years until the district court ordered a joint status report. Doc. 92. Following briefing from the parties and a hearing, the district court lifted the stay on this case and clarified the case would proceed with any Plaintiffs who received notice of the Nevada case but did not opt in to that case or withdraw from this case.[4] Docs. 100, 102. The remaining Plaintiffs are: Sharon Briggs; Sagar Daliya; India Donald; Kerri Edis; Deanna Hale (Lowe); Carol Jones; Michael Kapfhammer, III; Lisa Novak; Mickey Pagliaroli; Tina Sanders; Theresa VonRuden; and Erin Vorderman. Doc. 124 at 2.

The parties engaged in mediation and resolved the case on March 27, 2018. Doc. 120. In the submitted Settlement Agreement, Defendants agreed to pay Daliya and all remaining opt-in plaintiffs who filed a Consent to Join a settlement amount totaling eighty-two thousand eight hundred and four dollars ($82,804.00). Doc. 124-

---

[4] Named Plaintiff Veronica Del Pilar Ruiz, along with eight of the twenty Plaintiffs who had previously opted-in to this case, later opted-in to the Nevada case. Doc. 124 at 1.

4 at 1 ¶2. As provided by the individual Acceptance and Verification of Settlement Agreements, the settlement provides each Plaintiff will receive:

| Plaintiff | Unpaid Overtime Wages | Alleged Liquidated Damages | Class Representative Fees |
|---|---|---|---|
| Named Plaintiff Sagar Daliya | $1,531.32 | $1,531.32 | $2,500.00 |
| Opt-in Plaintiff Deanna Lowe (f/k/a Deanna Hale) | $2,623.76 | $2,623.76 | |
| Opt-in Plaintiff Lisa Novak | $2,813.33 | $2,813.33 | |
| Opt-in Plaintiff Erin Vorderman | $1,634.50 | $1,634.50 | |
| Opt-in Plaintiff Carol Jones | $3,179.40 | $3,179.40 | |
| Opt-in Plaintiff Mickey Pagliaroli | $1,953.51 | $1,953.51 | |
| Opt-in Plaintiff Theresa Von Ruden | $1,158.00 | $1,158.00 | |
| Opt-in Plaintiff India Donald | $2,509.16 | $2,509.16 | |
| Opt-in Plaintiff Tina Sanders | $1,369.55 | $1,369.55 | |
| Opt-in Plaintiff Sharon Briggs | $4,383.12 | $4,383.12 | |
| Opt-in Plaintiff Michael Kapfhammer, III | $919.35 | $919.35 | |
| Opt-in Plaintiff Kerri Edis | $1,077.00 | $1,077.00 | |

Docs. 124-3, 127. The Settlement Agreement and each individual Acceptance and Verification of the Settlement Agreement provides thirty thousand dollars ($30,000) be paid to Plaintiffs' counsel as attorneys' fees, costs and expenses. Doc. 124-3 at 1,3,5,7,9,11,13,15,17,19,21; Doc. 124-4 at 2.

Each party was independently represented by counsel with experience in litigating claims under the FLSA, who vigorously represented their clients' rights.

Doc. 124 at 3 ¶7. The parties exchanged updated interrogatories and documents, including time and pay records, as well as additional information at mediation. *Id.* at 2. The parties conducted an individualized analysis of each Plaintiff's claims with the actual payroll data, such that the parties were able to calculate the actual overtime owed, and that amount reflects the settlement for each Plaintiff. *Id.* Although Defendants continue to deny liability, they state the length of the proceedings and the anticipated costs of continuing litigation of this matter militated in favor of settlement. *Id.* at 3. The parties also note that Plaintiffs' probability of success on the merits and any amount awarded is uncertain. *Id.* Thus, the parties propose that the settlement represents a reasonable compromise of a disputed claim. *Id.*

Based on the Court's review of the Settlement Agreement, the parties' representations, and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22DAB, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-

cv-63-Orl-38GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

As part of the settlement, Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount of $30,000.00. Doc. 124-3 at 1 ¶2. The parties state the amount of attorneys' fees and costs are fair and reasonable. Doc. 124 at 4. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery. *Id.* at 3-4.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. Doc. 124 at 3-4.

With respect to the incentive payment to Plaintiff Daliya, the Court notes that the FLSA does not provide for representative plaintiffs. *Heath v. Hard Rock Cafe Intern. (STP), Inc.*, No. 6:10-cv-644-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla.

Oct. 28, 2011). Thus, "generally no incentive payment to a named plaintiff in an FLSA collective action is warranted." *Id.* Where the named plaintiff can establish that he faced substantial risk by participating in the lawsuit and incurred actual expenses, however, courts have awarded incentive fees in FLSA cases. *Id.* at *5. Courts also have awarded incentive payments to named Plaintiffs who "[have] been actively involved in the litigation since its inception and provided counsel with assistance which lead to a favorable settlement for the entire class." *Id.* (citing *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005)).

Here, Plaintiff Daliya has been actively involved in this case from its inception almost four years ago to her personal attendance in mediation. Docs. 1, 120. The $2,500 incentive fee is separate and distinct from the payment each Plaintiff receives under the Settlement Agreement as overtime wages and liquidated damages. Docs. 124-3, 127. The Court therefore recommends the incentive fee is fair and reasonable.

Thus, having reviewed the Settlement Agreement and individual acceptance and verifications, the Court recommends the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve the Parties' Settlement (Doc. 124) be **GRANTED** and the Settlement Agreement (Doc. 124-4) be **APPROVED**; and

2. The Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 12th day of June, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record